Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000206
31-DEC-2015
08:39 AM

NO. CAAP-15-0000206

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRADLEY LIU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-13-00288)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

After a bench trial, Defendant-Appellant Bradley Liu (Liu) was found guilty of (1) operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2015);[1] and (2) inattention to driving, in violation of HRS § 291-12 (Supp. 2015).[2] Liu appeals from the Judgment entered by the District

---

[1] HRS § 291E-61(a)(1) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[2] HRS § 291-12 provides:

Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund.

Court of the Second Circuit (District Court)[3] on February 10, 2015.

On appeal, Liu contends that there was insufficient evidence to support his convictions for OVUII and inattention to driving. We affirm.

I.

The evidence presented at trial showed that in the early morning, Liu was involved in a single-vehicle accident in an area where the road he was driving on was straight and consisted of two lanes traveling in opposite directions. When Officer John Serena (Officer Serena) arrived at the scene at about 2:30 a.m., he saw a Toyota truck flipped over on its roof and blocking one lane of travel on the highway. Liu admitted to Officer Serena that he was the driver of the vehicle. Liu related that "he was driving while intoxicated." Liu further related that while on his way home and driving "under the influence," he veered to the left, overcorrected to the right, and then hit a dirt embankment on the west shoulder of the highway which caused his truck to flip over. Liu told Officer Serena that there were no other vehicles or any external factors that caused the accident, and no other people were in his truck when the accident occurred.

Officer Serena observed that about 100 feet from where Liu's truck had come to rest, there was a large chunk of dirt missing from the embankment on the west shoulder of the highway. The embankment was about ten to fifteen feet off of the roadway. There was also a trail of debris from where the truck apparently had struck the embankment to where the truck had come to rest.

From a distance of about one and a half to two feet, Officer Serena smelled an odor of liquor emanating from Liu's breath and his person. Officer Serena also observed that Liu had red watery eyes and flushed facial features. Liu had scrapes and cuts to his arms, legs, and head, and Liu was placed on a

---

[3] The Honorable Blaine J. Kobayashi presided.

2

backboard by medics and apparently taken from the scene.  There was extensive damage to the roof of Liu's truck.

II.

We resolve Liu's arguments on appeal as follows:

1.  Liu contends that there was insufficient evidence to show that he was "under the influence of alcohol in an amount sufficient to impair [his] normal mental faculties or ability to care for [himself] and guard against casualty."  See HRS § 291E-61(a)(1).  We disagree.  When viewed in the light most favorable to the prosecution, see State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that there was substantial evidence to support the District Court's determination that Liu drove his truck while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

2.  Liu contends that the prosecution failed to adduce sufficient evidence to prove the mens rea for inattention to driving.  We conclude that this contention is without merit.

In State v. Bayly, 118 Hawai'i 1, 185 P.3d 186 (2008), the Hawai'i Supreme Court described the elements the prosecution must prove to establish inattention to driving under HRS § 291-12.  The supreme court stated that in order to convict under HRS § 291-12, the prosecution must prove that the defendant: "(1) operated a vehicle 'without due care or in a manner,' (conduct) (2) 'as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property' (result of conduct), and that [the defendant] did so (3) intentionally, knowingly, or recklessly[.]"  Bayly, 118 Hawai'i at 10, 185 P.3d at 195 (citations omitted).

We reject Liu's claim that there was insufficient evidence to show that he acted with a reckless mens rea with respect to the conduct and result of conduct elements.  The prosecution showed that Liu intentionally, knowingly, or recklessly drove his truck while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or

3

ability to care for himself and guard against casualty; that while driving in this impaired condition, he veered left on a straight road, overcorrected to the right, hit an embankment ten to fifteen feet off of the roadway, which caused his truck to flip over and resulted in personal injury to himself and extensive damage to his truck; and that Liu was solely responsible for the accident -- there was no other vehicle or person and no external factor that caused the accident. We conclude that there was sufficient evidence to show that Liu recklessly "operat[ed his truck] without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property." See HRS § 291-12.

III.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawaiʻi, December 31, 2015.

On the briefs:

David A. Sereno
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

4